1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

9

ZACHARY L. WEIR,
Inmate No. 12548161

10

11                                      Plaintiff,

12

13              vs.

14

15  PRESIDING JUSTICE McCONNELL;
    ASSOCIATE JUSTICE NARES;
16  ASSOCIATE JUSTICE AARON; JUSTICE
    McDONALD; JUSTICE O'ROURKE;
17  JUSTICE HUFFMAN; JUSTICE
    McINTYRE; CHIEF JUSTICE SAKAUYE
18  CANTIL,

19                                      Defendants.

20

21

| | |
|---|---|
| Civil No. | 13cv1051 BTM (JMA) |

**ORDER:**

**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**

**(2)  DISMISSING COMPLAINT FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)  & 1915A(b)**

22

23

24

25

26

27

28

On April 22, 2013, Plaintiff, a civil committee currently housed at Atascadero State Hospital, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Northern District of California.  (ECF No. 1.)  Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)  On April 30, 2013, United States Magistrate Judge Elizabeth Laporte determined that the majority of Plaintiff's claims arose in San Diego and therefore, determined that the matter should be transferred to the Southern District of California.  (ECF No. 5.)

1   **I.      MOTION TO PROCEED IFP**

2       All parties instituting any civil action, suit or proceeding in a district court of the United

3   States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

4   U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only

5   if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v.*

6   *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Here, The Court finds that Plaintiff has submitted

7   an affidavit which complies with 28 U.S.C. § 1915(a)(1) and S.D. CAL. CIVLR 3.2.  Based upon

8   this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.  Because

9   Plaintiff is a civil detainee and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the Court will

10  waive the initial civil filing fee.  *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000).

11  **II.     SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

12      A complaint filed by any person proceeding in forma pauperis is subject to sua sponte

13  dismissal to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may

14  be granted, or seek[s] monetary relief from a defendant immune from such relief."  28 U.S.C.

15  § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that

16  "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203

17  F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a

18  district court to dismiss an in forma pauperis complaint that fails to state a claim.").

19      "[W]hen determining whether a complaint states a claim, a court must accept as true all

20  allegations of material fact and must construe those facts in the light most favorable to the

21  plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

22  152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of

23  Civil Procedure 12(b)(6).").  However, while liberal construction is "particularly important in

24  civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the Court may not

25  "supply essential elements of the claim that were not initially pled."  *Ivey v. Board of Regents*

26  *of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  The district court should grant

27  leave to amend, however, unless it determines that "the pleading could not possibly be cured by

28  the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the

1    defect." *Lopez*, 203 F.3d at 1130-31.

2          First, to the extent that Plaintiff is seeking money damages based on rulings made by

3    Appellate Court Justices, these Defendants are absolutely immune.    "Judges and those

4    performing judge-like functions are absolutely immune from damage liability for acts performed

5    in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  Therefore,

6    as Appellate Court Justices for the State of California, these Defendants have absolute immunity

7    from civil proceedings relating to these actions, which were performed within their judicial

8    discretion.

9          Second, to the extent that he is challenging the rulings made by these Appellate Court

10   Justices, he cannot state a viable § 1983 claim.  Throughout his Complaint, Plaintiff is claiming

11   that the Orders issued from the California Court of Appeals and the Supreme Court of California

12   related to his habeas petitions are insufficient. The *Rooker-Feldman* doctrine provides that "'a

13   losing party in state court is barred from seeking what in substance would be appellate review

14   of the state judgment in a United States District Court, based on the losing party's claim that the

15   state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th

16   Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119

17   S.Ct. 868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 &

18   486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

19         Review of state court decisions may only be conducted in the United States Supreme

20   Court.  *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257.  The

21   *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional

22   issues.  *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d

23   609, 613 (9th Cir. 2007).  In addition, the bar applies if the challenge to the state court decision

24   is brought as a § 1983 civil rights action alleging violations of due process and equal protection.

25   *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*,

26   805 F.2d 888, 893 n.4 (9th Cir. 1986).

27         A complaint challenges a state court decision if the constitutional claims presented to the

28   district court are "inextricably intertwined" with the state court's decision in a judicial

proceeding. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987)(Marshall, J., concurring); *see also Worldwide Church of God*, 805 F.2d at 891-92.

Because Plaintiff appears to seek this Court's assistance in overturning orders made by Appellate Court Justices, his claims are inextricably intertwined with the state court proceedings, and are barred by the *Rooker-Feldman* doctrine.

Plaintiff's claims for money damages also challenge the validity of his criminal conviction. In order to recover damages for an allegedly unconstitutional conviction, Plaintiff must show that his criminal conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004).

*Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. A claim for damages challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed

for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, Plaintiff's claims "necessarily imply the invalidity" of his criminal conviction. *Heck*, 512 U.S. at 487. Accordingly, because Plaintiff seeks damages for an allegedly unconstitutional criminal conviction and because he has not alleged that his conviction has already been invalidated, a claim for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90.

For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

**III.   CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED**:

1.   Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that:

2.   Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking monetary damages against an immune defendant. *See* 28 U.S.C. § 1915(e)(2).

3.   Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, the Court will issue an Order dismissing the entire action.

///

///

///

1         4.     The Clerk of Court is directed to mail Plaintiff a copy of a Court approved § 1983

2    civil rights complaint.

3         **IT IS SO ORDERED.**

4    DATED:  May 20, 2013

5

6                                          BARRY TED MOSKOWITZ, Chief Judge
     United States District Court